# In the United States District Court for the Southern District of Georgia Brunswick Division

LINDA R. LEE,

    Plaintiff,

v.

NECCO, LLC,

    Defendant.

CV 2:24-100

## ORDER

Before the Court is Defendant Necco, LLC's motion to dismiss or, alternatively, motion for a more definite statement. Dkt. No. 4. Plaintiff Linda Lee has filed no response, and the time for doing so has passed. The motion is thus ripe for review.

## BACKGROUND[1]

Plaintiff contracted with Defendant to provide foster parent services for children in the legal and physical custody of the Georgia Department of Human Services acting through the Georgia Department of Family and Children Services. Dkt. No. 1-1 ¶ 4. Under the contract, Defendant reviewed Plaintiff's performance.

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

Id. ¶ 5.  Plaintiff allegedly "question[ed] the appropriateness of conduct between one of Defendant's employees and a minor child under [Plaintiff's] foster care."  Id. ¶ 7.  Plaintiff alleges that, afterward, "Defendant and its employees began spreading oral and written false claims about [Plaintiff]."  Id. ¶ 6.  As a result of the allegations, Defendant terminated its contract with Plaintiff.  Id. ¶ 9.  Plaintiff "learned of these false allegations through written documents created by Defendant and its employees in response to [Plaintiff's] questioning of why Defendant abruptly ended her contract."  Id. ¶ 11.  Plaintiff allegedly "learned that Defendant and its employees had been publishing the same and other falsities to others in an attempt to destroy [Plaintiff's] businesses and ministries."  Id. ¶ 12.  Plaintiff alleges she has suffered damages to her businesses and reputation.  Id. ¶ 10.

Plaintiff initiated this action on July 11, 2024 in the Superior Court of Glynn County, Georgia.  Id. at 1.  Therein, she alleges claims of slander, libel, and intentional infliction of emotional and mental distress.  See id.  Plaintiff seeks compensatory damages, punitive damages, prejudgment interest, attorney fees, litigation expenses, costs, and loss-of-enjoyment-of-life damages.  Id. at 6-7.  Defendant removed the case to this Court and filed a motion to dismiss.  Dkt. No. 4.

**LEGAL STANDARD**

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

3

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The type most relevant here is one that "is guilty of the venial sin of being

4

replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.

Here, Plaintiff's complaint is, in a word, vague. She does not identify the false allegations she claims Defendant manufactured and disseminated. Omitting this critical information does not give Defendant adequate notice of the claims against it or the grounds upon which each claim rests. Weiland, 792 F.3d at 1323. Further, such allegations do not meet the pleading requirements of Rule 8 or show that Plaintiff is entitled to relief. However, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).

Accordingly, Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Her failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her failure to clearly assert sufficient facts to state a claim for relief will result in dismissal of this case.

## CONCLUSION

Defendant's motion to dismiss, dkt. no. 4, is **DENIED** at this time, and its alternative motion for a more definite statement, id., is **GRANTED**. Plaintiff is **ORDERED** to file an amended

5

complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED**, this \_\_19\_\_ day of September, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA