# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| LINDA R. LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>NECCO, LLC,<br><br>    Defendant. | 2:24-CV-100 |

## ORDER

Before the Court is Defendant Necco, LLC's motion to dismiss Plaintiff Linda R. Lee's complaint. Dkt. No. 16. The parties have fully briefed the motion, and it is ripe for review. Dkt. Nos. 16, 21, 23. For the reasons stated below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case arises out of a dispute between Plaintiff, a former foster parent, and Defendant, a company that facilitates foster care contracts. Dkt. No. 15 ¶¶ 6-7. Plaintiff contracted with Defendant to provide foster parent services through the Georgia Department of Family and Children Services ("DFACS"). Id. ¶ 8. During the relevant time period, Plaintiff cared for four teenage foster children in her home in Brunswick, Georgia. Id. ¶¶ 5, 9.

During the course of the contract, Plaintiff became dissatisfied with one of Defendant's employees, who reviewed Plaintiff's performance as a foster parent. Id. ¶¶ 10-17. Specifically, Plaintiff alleges that this employee stalked Plaintiff's grandson, attempted to have sexual relations with Plaintiff's foster children, and gave one of them marijuana. Id. ¶¶ 14, 16-17. Plaintiff alleges that she reported this misconduct, but Defendant did nothing. Id. ¶¶ 14-15.

After this report, "Defendant and its employees began a campaign of verbal and written falsehoods" against Plaintiff. Id. ¶ 18. The complaint lists twenty-one allegedly false statements; the majority of these statements accuse Plaintiff of mistreating or failing to properly care for her foster children. Id. According to the complaint, Defendant also threatened Plaintiff if she attempted to contact DFACS. Id. ¶ 19. Further, Defendant terminated its contract with Plaintiff. Id. ¶ 20.

On July 15, 2023, Plaintiff alleges that she inquired into why Defendant abruptly ended her contract and discovered these false statements about her. Id. ¶ 22. Thereafter, Plaintiff "learned that Defendant and its employees had been publishing the same and other falsities to others in an attempt to destroy [her] businesses and ministries." Id. ¶ 23.

Plaintiff brought this action on July 11, 2024 in the Superior Court of Glynn County, Georgia. Dkt. No. 1-1 at 1. After Defendant

2

removed the case to this Court on August 21, 2024, Defendant moved to dismiss, or in the alternative, moved for a more definite statement. Dkt. Nos. 1, 4. The Court granted the motion for a more definite statement and ordered Plaintiff to amend her complaint. Dkt. No. 9.

Plaintiff filed an amended complaint. Dkt. No. 15. Therein, she brings claims for slander (Count I), libel (Count II), and intentional infliction of emotional distress (Count III). Id. at 6-8. Plaintiff seeks compensatory damages, punitive damages, prejudgment interest, attorney fees, litigation expenses, costs, and loss-of-enjoyment-of-life damages. Id. at 9-10. Defendant again moved to dismiss. Dkt. No. 16.

**LEGAL AUTHORITY**

**I. Dismissal Pursuant to Rule 41(b)**

If a plaintiff fails to comply with a court order, "a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "While dismissal is an extraordinary remedy," dismissal upon disregard of an order is within the Court's discretion "especially where the litigant has been forewarned." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (citations omitted).

Generally, dismissal pursuant to Rule 41(b) is with prejudice unless the court's order states otherwise.[1] Fed. R. Civ. P. 41(b). "Dismissal with prejudice is a sanction of last resort, and proper only if the district court finds: (1) 'a clear record of delay or willful conduct' and (2) 'that lesser sanctions are inadequate to correct such conduct.'" Jacobs v. Atlanta Police Dep't, 685 F. App'x 827, 831 (11th Cir. 2017) (quoting Zocaras v. Castro, 465 F.3d 479, 483–84 (11th Cir. 2006)). "As to the first prong, mere delay will not suffice, rather, a finding of the extreme circumstances necessary to support the sanction of dismissal with prejudice must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Id. (citing Kilgo v. Ricks, 983 F.2d 189, 192–93 (11th Cir. 1993)). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005) (citing Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999)). Meanwhile, the second prong requires the Court to specifically find "that lesser sanctions would not suffice." Id. at 1338 (citations omitted).

---

[1] Defendant seeks dismissal with prejudice. Dkt. No. 16 at 19.

**II. Dismissal for Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016) (citing Ironworkers Local Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011)). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met. Iqbal, 556 U.S. at 678–79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## DISCUSSION

Defendant moves for dismissal on two grounds. Dkt. No. 16 at 1. First, Defendant asserts that the amended complaint should be dismissed as untimely. Id. at 19-20. Second, Defendant argues that the amended complaint fails to allege specific facts to support

claims for libel, slander, and intentional infliction of emotional distress. Id. at 10-19.

**I. Untimely Amended Complaint**

This Court ordered Plaintiff to file a more definite statement of her claims by October 9, 2024. Dkt. No. 9 at 5-6. Plaintiff filed her amended complaint on October 11, 2024. Dkt. No. 15. Plaintiff has offered no explanation for the missed deadline. See generally id.; dkt no. 21.[2]

Missing a deadline by a few days is not one of the "*extreme* circumstances necessary to support the sanction of dismissal" pursuant to Rule 41(b). McKelvey, 789 F.2d at 1520 (emphasis added); see also, e.g., Effs v. City of Miami, No. 21-11672, 2021 WL 6116643, at *4 (11th Cir. Dec. 27, 2021) (Filing one day late, "while sloppy, generally does not justify the extreme sanction of dismissal with prejudice."(citation omitted)); Hall v. Piedmont Ear Nose Throat & Related Allergy, P.C., No. 1:09-CV-1569, 2010 WL 11596911, at *5 (N.D. Ga. Jan. 11, 2010) (A delay of two days in complying with the court's order is "not so egregious as to warrant dismissal with prejudice pursuant to Rule 41(b)." (citation omitted)), report and recommendation adopted by No. 1:09-CV-1569,

---

[2] Plaintiff sought to file an "out-of-time response" to the motion to dismiss, explaining that her counsel miscalculated the number of days to respond to the motion to dismiss. Dkt. No. 21 at 5. Plaintiff's response, however, was timely, and the motion to allow an out-of-response response is **DENIED as moot.**

7

2010 WL 11597140 (Jan. 28, 2010); Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC, No. 2:14-cv-499, 2016 WL 11129535, at *2 (M.D. Fla. June 21, 2016) (The party's "conduct did not rise to the level of showing a pattern of delay or willful contempt" because the party complied with the court's order, "albeit a few days late."). Here, Plaintiff's failure to comply with the Court's Order constitutes "mere delay" rather than willful disruption of the Court's capability to manage the cases on its docket. Jacobs, 685 F. App'x at 831 (citing Kilgo, 983 F.2d at 192–93). At this early juncture, there has been no "clear record of delay or willful conduct" by Plaintiff. Betty K Agencies, Ltd., 432 F.3d at 1339. Accordingly, while Plaintiff missed the Court's imposed deadline for filing a more definite statement by two days, this alone does not warrant dismissal under Rule 41(b). However, if deadlines are missed in the future, dismissal may be appropriate. Defendant's motion to dismiss pursuant to Rule 41(b), dkt. no. 16, is **DENIED**.

**II. Failure to State a Claim**

**A. Intentional Infliction of Emotional Distress**

Plaintiff "abandons the intentional infliction of emotional distress claim." Dkt. No. 21 at 5. Accordingly, Defendant's motion to dismiss Count III is **GRANTED**.

**B. Defamation**

Under Georgia law, a defamation claim has four elements: "(1) a false and defamatory statement concerning the plaintiff;

8

(2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." ACLU, Inc. v. Zeh, 864 S.E.2d 422, 427 (Ga. 2021) (internal quotation marks omitted) (quoting Mathis v. Cannon, 573 S.E.2d 376, 380 (Ga. 2002)).

Plaintiff brings separate counts for the two forms of defamation relevant here: slander and libel. Slander refers to "oral defamation" while libel is defamation "expressed in print, writing, pictures, or signs." O.C.G.A. §§ 51-5-4(a), 51-5-1(a). Defendant argues that Plaintiff fails to state a claim for both counts because Plaintiff fails "to sufficiently allege to whom, how, or when the alleged defamatory statements purportedly underlying her slander and libel claims were made." Dkt. No. 16 at 14. Accordingly, Defendant attacks the second element: unprivileged communication to a third party. Id.

Under the second defamation element, the definition of communication "excludes communications that are 'intracorporate, or between members of unincorporated groups or associations, and heard by one who, because of his/her duty or authority has reason to receive information.'" Saye v. Deloitte & Touche, LLP, 670 S.E.2d 818, 823 (Ga. Ct. App. 2008) (alterations adopted) (quoting Kurtz v. Williams, 371 S.E.2d 878, 880 (Ga. Ct. App. 1988)). Thus, "when the communication is intracorporate, and is received in the

9

course of a duty or by virtue of an authority, there is no publication" or communication. Atl. Multispecialty Surgical Assocs., LLC v. DeKalb Med. Ctr., Inc., 615 S.E.2d 166, 168 (Ga. Ct. App. 2005) (citing Nelson v. Glynn-Brunswick Hosp. Auth., 571 S.E.2d 557, 560 (Ga. Ct. App. 2002)). "The rationale behind this rule is that such a communication is the equivalent of speaking to one's self." Nida v. Echols, 31 F. Supp. 2d 1358, 1374 (N.D. Ga. 1998) (internal quotation marks and citation omitted).

Georgia law requires a plaintiff to identify where, when, or to whom the defamatory words were communicated because, even at this early stage, the intracorporate communications doctrine is an essential part of the second element. See, e.g., Agee v. Huggins, 888 F. Supp. 1573, 1580 n.8 (N.D. Ga. 1995) (The "intra-corporate communications exception is an element of the cause of action" not an affirmative defense. (citing Kurtz, 371 S.E.2d at 880–81); Fink v. Dodd, 649 S.E.2d 359, 363 (Ga. Ct. App. 2007) ("[T]he intracorporate communications doctrine 'is not a conditional defense destroyed by proof of malice but, rather, an element of the tort of slander.'" (quoting Terrell v. Holmes, 487 S.E.2d 6, 8 (Ga. Ct. App. 1997))); Jordan v. Countrywide Fin. Corp., No. 1:07-cv-2500, 2008 WL 11432076, at *3 (N.D. Ga. July 24, 2008) (A "conclusory allegation is insufficient to satisfy the pleading requirement for publication of the intracorporate communication." (citation omitted)), aff'd, 322 F. App'x 808 (11th Cir. 2009).

Plainly, the complaint does not state to whom the defamatory statements were made. See generally Dkt. No. 15. The complaint is devoid of any facts allowing the Court to infer to whom the Defendant communicated the "campaign of verbal and written falsehoods" against Plaintiff. Id. ¶ 18. First, Plaintiff alleges that "Defendant and its employees had been publishing the [statements] *to others* in an attempt to destroy [Plaintiff's] businesses and ministries." Id. ¶ 23 (emphasis added). Second, Plaintiff alleges "Defendant and its employees spread these false allegations about [Plaintiff's] conduct as a foster parent through written documents circulated by Defendant and its employees *among numerous individuals*." Id. ¶ 30 (emphasis added).

These two vague assertions are not sufficient to survive a motion to dismiss because Georgia courts unequivocally hold that pleading "to whom" is a requirement of the second defamation element due to the intracorporate communications doctrine. See, e.g., Agee, 888 F. Supp. at 1580 n.8; see also Guilford v. MarketStar Corp., No. 1:08-CV-0336, 2009 WL 10664954, at *12 (N.D. Ga. Jan. 30, 2009), report and recommendation adopted by 2009 WL 10664951 (Feb. 19, 2009) (granting motion to dismiss where the plaintiff did "not set forth in her complaint the communications she alleges were defamatory, libelous or slanderous; who made them; or when they were made"); Wright v. Atlanta Pub. Sch., No. 1:17-CV-975, 2018 WL 1249312, at *7 (N.D. Ga. Feb. 15, 2018), report

11

and recommendation adopted by 2018 WL 1247879 (Mar. 8, 2018) (granting motion to dismiss where the plaintiff "allege[d] no facts concerning what specifically was communicated or to whom the communications were made"); Griffin v. Emory Healthcare, Inc., No. 1:23-CV-5060, 2024 U.S. Dist. LEXIS 76593, at *24 (N.D. Ga. Apr. 26, 2024) (citing Thomas v. Elixir Extrusions, LLC, No. 5:18-CV-00011, 2019 WL 2664987, at *9 (S.D. Ga. June 27, 2019)), report and recommendation adopted by No. 1:23-CV-5060, Dkt. No. 31 at 11 (July 11, 2024) (granting motion to dismiss where the plaintiff did not allege facts plausibly suggesting publication outside of an intracorporate committee).

Plaintiff lists the individuals to whom the statements were made in her response to the motion to dismiss. Dkt. No. 21 at 2-3. While the Court accepts as true all of the factual allegations in the complaint, the Court does not give the same credence to new facts Plaintiff presents in her response brief. See Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015) (It is well-settled that "plaintiffs cannot amend their complaint through a response to a motion to dismiss." (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009))).

"A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy

12

Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, "district courts have broad discretion to allow pleading amendments even when a party does not formally request leave." Pinnacle Advert. & Mktg. Grp. v. Pinnacle Advert. & Mktg. Grp., LLC, 7 F.4th 989, 1000 (11th Cir. 2021). Plaintiff was already given the opportunity to amend her complaint to sufficiently state her claims. But Defendant's first motion to dismiss did not raise the intracorporate communications issue. See Dkt. No. 4.

Importantly, "courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." Pinnacle, 7 F.4th at 1000 (citing Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406-07 (11th Cir. 1989)). Here, there is no indication that amendment would be futile. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004))). Therefore, Plaintiff shall be granted an opportunity to file a second amended complaint to properly incorporate the facts within her response to the motion to dismiss and adequately apply them to the defamation counts. Defendant's motion to dismiss Counts I and II is therefore **DENIED** at this time.

**CONCLUSION**

For these reasons, Defendant's motion to dismiss, dkt. no. 16, is **DENIED in part** and **GRANTED in part**. Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Plaintiff's failure to do so will result in dismissal of this action.

**SO ORDERED** this 7th day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA