# In the United States District Court for the Southern District of Georgia Brunswick Division

LINDA R. LEE,

    Plaintiff,

v.

NECCO, LLC,

    Defendant.

2:24-CV-100

## ORDER

Before the Court is Defendant Necco, LLC's motion to dismiss Plaintiff Linda R. Lee's second amended complaint. Dkt. No. 29. The parties have fully briefed the motion, and it is ripe for review. Dkt. Nos. 29, 31, 33. For the reasons stated below, Defendant's motion is **DENIED**.

## BACKGROUND[1]

This case involves two defamation claims brought by Plaintiff Linda R. Lee against Defendant Necco, LLC, a contract foster care company. Dkt. No. 27 ¶¶ 1, 7. According to the second amended complaint, Plaintiff contracted with Defendant to provide foster care services for children in the legal and physical custody of

---

[1] At the motion to dismiss stage, the Court must "accept all factual allegations in a complaint as true and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

the Georgia Department of Human Services acting through the Georgia Department of Family and Children Services ("DFACS"). Id. ¶ 8. During the relevant time period, Plaintiff cared for four children ages fifteen and sixteen, and her performance was reviewed by Jasmine Bell, an employee of Defendant. Id. ¶¶ 9-10.

While working for Defendant, Plaintiff grew dissatisfied with her experience with the company due to its alleged mistreatment of Plaintiff and failure to remedy a series of issues Plaintiff had with Ms. Bell. Id. ¶¶ 11-13. More specifically, Plaintiff alleges that Ms. Bell attempted to have sexual relations with minor foster children under Plaintiff's care, stalked Plaintiff's grandson, and gave one foster child marijuana. Id. ¶¶ 14-17. Plaintiff contends that she reported these issues, yet Defendant did nothing to address the purported misconduct. Id.

Plaintiff further alleges that Ms. Bell and other employees of Defendant launched "a campaign of verbal and written falsehoods" against Plaintiff. Id. ¶ 18. The complaint lists twenty-one statements, most of which either accuse Plaintiff of improperly caring for the foster children in her home or highlight tensions between Plaintiff and Ms. Bell. Id. Plaintiff contends Defendant terminated its contract with her following these allegations. Id. ¶ 20. Plaintiff also alleges that various employees of Defendant threatened to ostracize Plaintiff in the foster care field if she attempted to work with DFACS. Id. ¶ 19.

2

Plaintiff alleges she learned of the list of statements on or around July 15, 2023. Id. ¶ 21. She had been seeking further explanation as to why her contract was terminated, and, as a result, discovered written documents created by Defendant and its employees containing what Plaintiff characterizes as false allegations. Id. ¶ 22. After learning of these written reports, Plaintiff then learned that Ms. Bell and various Necco employees had published what Plaintiff claims to be false information about Plaintiff to "destroy [her] businesses and ministries." Id. ¶ 23. Plaintiff asserts that Ms. Bell communicated those "falsities" to "[Plaintiff]'s daughter, Latara Stanley, Deacon Daniels, Michelle Horton, and James Brooks." Id. ¶ 24. And Plaintiff alleges that "Defendant's employees, Ms. Grant, Ms. Taylor, and other of Defendant's employees" similarly made false statements to "Ms. Stanley, Mr. Daniels, Ms. Horton, Mr. Brooks, and others." Id. ¶ 25.

Plaintiff sued in the Superior Court of Glynn County, Georgia, on July 11, 2024, seeking compensation for this allegedly defamatory conduct. Id. ¶ 26; see also Dkt. No. 1-1 (the original complaint). Defendant removed the case to federal court, then moved to dismiss, or in the alternative, moved for a more definite statement. Dkt. Nos. 1, 4. The Court granted the motion for a more definite statement, ordering Plaintiff to amend her complaint. Dkt. No. 9 at 5-6. Plaintiff then filed an amended complaint

3

containing claims for slander, libel, and intentional infliction of emotional distress. Dkt. No. 15 ¶¶ 24–43. Defendant again moved to dismiss, dkt. no. 16, which the Court granted in part and denied in part, dkt. no. 26 at 14. First, the Court dismissed as abandoned Plaintiff's claim for intentional infliction of emotional distress. Id. at 8. Second, regarding the two defamation counts, Plaintiff mentioned additional facts in her response brief that did not appear in the amended complaint, so the Court granted Plaintiff an opportunity to file a second amended complaint to incorporate those facts.[2] Id. at 8–13.

Plaintiff then filed a second amended complaint. Dkt. No. 27. Therein, she brings claims for slander (Count I) and libel (Count II). Id. ¶¶ 27–38. Plaintiff seeks monetary relief, including compensatory damages, punitive damages, prejudgment interest, attorney fees, litigation expenses, costs, and loss-of-enjoyment-of-life damages. Id. ¶ 38. Defendant then moved to dismiss for the third time. Dkt. No. 29.

---

[2] This was, in part, because Defendant raised the intracorporate communications doctrine for the first time in its second motion to dismiss. See Dkt. No. 26 at 13 (citing Dkt. No. 4). Plaintiff mentioned these additional facts in response to that motion. Id.

**LEGAL STANDARD**[3]

The Federal Rules of Civil Procedure provide certain procedural thresholds that a complaint must satisfy to withstand a motion to dismiss. One such example is Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard does not mandate "detailed factual allegations," but a complaint will fall short of this threshold if it contains merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the core inquiry is whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state

---

[3] In this motion to dismiss, dkt. no. 29, Defendant cites both Federal Rules of Civil Procedure 12(b)(6) and 41(b). But this was, in effect, only a 12(b)(6) motion. See Parrish v. Ford Motor Co., 299 F. App'x 856, 858-59 (11th Cir. 2008) (determining that defendant's "12(b)(6)" motion was, "in effect," a Federal Rule of Civil Procedure 41(b) motion). The content of Defendant's motion indicates that it is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), as it focuses on pleading requirements to state a claim and Plaintiff's alleged failure to satisfy these requirements. Dkt. No. 26 at 11-18; Parrish, 299 F. App'x at 859 n.1 (looking to the title and contents of the motion to determine whether defendant intended a motion to dismiss under Rule 41(b) or 12(b)(6)). Conversely, motions under Rule 41(b) hinge on "[failure] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).

a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). This means that a plaintiff must plead sufficient facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this is not a "probability requirement," the plausibility standard does require "'more than a sheer possibility' that the plaintiff's allegations are true." Gissendaner v. Comm'r, 803 F.3d 565, 568 (11th Cir. 2015) (quoting Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Courts employ a series of "working principles" to determine whether a pleading satisfies this test. See, e.g., id. at 663-64 (citing Twombly, 550 U.S. at 555-56). Importantly, the Court must accept the facts alleged in the complaint as true and construe them in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016) (citing Ironworkers Local Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011)). But conclusory allegations are not afforded the same assumption of truth. Iqbal, 556 U.S. at 678; see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth[.]"). As a result, the Court should not accept allegations

6

as true if they merely recite the elements of the claim and declare that they are met. Iqbal, 556 U.S. at 678–79. Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Finally, the Court need not "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## DISCUSSION

In Counts I and II, Plaintiff asserts claims for slander, which is oral defamation, and libel, which is written defamation. Dkt. No. 27 ¶¶ 27–38; see also O.C.G.A. §§ 51-5-4(a), 51-5-1(a). Under Georgia law, a plaintiff pursing either defamation-based claim needs to plead four elements: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." ACLU, Inc. v. Zeh, 864 S.E.2d 422, 427 (Ga. 2021) (internal quotation marks omitted) (citing Mathis v. Cannon, 573 S.E.2d 376, 380 (Ga. 2002)). To discern whether statements were communicated to a third party, also known as "publication," Georgia courts

7

consider the "intracorporate communications doctrine." See, e.g., Fink v. Dodd, 649 S.E.2d 359, 363 (Ga. App. 2007). Under this doctrine, a communication is not "published" to a third party for the purpose of the second element "when the communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive the information." Kurtz v. Williams, 371 S.E.2d 878, 880 (Ga. App. 1988).

Because the intracorporate communications doctrine is relevant even at the motion to dismiss stage, "Georgia law requires a plaintiff to identify where, when, *or* to whom the defamatory words were communicated." Dkt. No. 26 at 10 (citing Agee v. Huggins, 888 F. Supp. 1573, 1580 n.8 (N.D. Ga. 1995); Jordan v. Countrywide Fin. Corp., No. 1:07-cv-2500, 2008 WL 11432076, at *3 (N.D. Ga. July 24, 2008), aff'd, 322 F. App'x 808 (11th Cir. 2009)). But this disjunctive test does not indicate that a plaintiff must allege *all three*—meaning where, when, *and* to whom—with particularity to escape dismissal. See, e.g., Guilford v. MarketStar Corp., No. 1:08-CV-0336, 2009 WL 10664954, at *12 (N.D. Ga. Jan. 30, 2009), report and recommendation adopted by 2009 WL 10664951 (Feb. 19, 2009) (granting motion to dismiss where plaintiff did not identify allegedly defamatory statements, did not identify who made the statements, *and* did not identify when the statements were made); Wright v. Atlanta Pub. Sch., No. 1:17-

8

CV-975, 2018 WL 1249312, at *7 (N.D. Ga. Feb. 15, 2018), <u>report and recommendation adopted by</u> 2018 WL 1247879 (Mar. 8, 2018) (granting motion to dismiss where complaint failed to identify the substance of the alleged defamatory communication *and* failed to identify the recipient(s) of such communications). Rather, a plaintiff must set forth sufficient factual support to plausibly suggest publication outside of purely intracorporate communications. See <u>Agee</u>, 888 F. Supp. at 1580 n.8 (The "intra-corporate communications exception is an element of the cause of action"); <u>Jordan</u>, 2008 WL 11432076, at *3 ("[A] conclusory allegation is insufficient to satisfy the pleading requirement for publication of the intracorporate communication.").

Here, Defendant argues that Plaintiff's claims should be dismissed, claiming Plaintiff failed to sufficiently plead publication to a third party and did not provide sufficient information for Defendant to formulate a statute of limitations defense. Dkt. No. 29 at 11–18. Specifically, Defendant argues that Plaintiff's "slander and libel claims are still inadequately pled" because she does not clarify "how, when, or to whom" the defamatory words were communicated. <u>Id.</u> at 1, 12, 14, 17. That is not the case.

First, regarding how the statements were made, Plaintiff claims that the allegedly defamatory statements were made both orally and in writing, which are factual allegations entitled to

9

an assumption of truth at this stage. Dkt. No. 27 ¶¶ 18, 27, 33; Spirit Airlines, Inc., 836 F.3d at 1347. To the extent Defendant seeks more information about which statements were written, oral, or both, this may be revealed through discovery, but it is not facially implausible for a communication to be both spoken and embodied in writing. See, e.g., Garren v. Southland Corp., 221 S.E.2d 571, 573 (Ga. 1976) ("[T]he fact that the defamatory words are spoken with the intention that they be embodied forthwith in a physical form makes the speaking of them not only the publication of a slander, but a libel as well provided they subsequently are so embodied." (quoting Restatement (First) of Torts § 577 cmt. F (1938))).

Second, Plaintiff identifies the names of third parties to whom the allegedly defamatory statements were published—rather than merely providing conclusory allegations that are insufficient under Georgia law. Dkt. No. 27 ¶¶ 24-25, 27, 33. And, though the Court does note that the intracorporate communications doctrine is an element of a defamation claim rather than an affirmative defense, Plaintiff's case is distinct from Georgia cases in which the intracorporate communications doctrine rendered pleadings insufficient. See, e.g., Jordan, 2008 WL 11432076, at *3 (granting motion to dismiss where plaintiff claimed defamatory communications were made to employees of defendant and where plaintiff relied on legal conclusion about whether recipients were

employees not covered by the intracorporate communications doctrine); Fink, 649 S.E.2d at 368 (holding that trial court should have allowed Defendant to argue Plaintiff failed to state slander claim where pleadings did not identify recipients of statements or provide facts to permit a reasonable inference that statements were to individuals not covered by the intracorporate communications doctrine). Because Plaintiff provided the names of the alleged third-party recipients, and the second amended complaint does not identify recipients as employees of Defendant, it is plausible that the defamatory communications were communicated to individuals *not* covered by the intracorporate communications doctrine. Dkt. No. 27 ¶¶ 24–25, 27–28, 33.

Finally, Plaintiff's claims for relief remain plausible even if she did not clarify the precise date the disputed statements were allegedly uttered. While Defendant expresses concern about its ability to formulate a statute of limitations affirmative defense, dkt. no. 29 at 15–16, the elements of that defense are not Plaintiff's burden to allege at this stage of litigation. See, e.g., Jones v. Bock, 549 U.S. 199, 216 (2007) (holding that plaintiff was not required to plead elements of defendant's affirmative defense). Generally, the statute of limitations for defamation claims under Georgia law is one year from the day of the alleged defamatory acts—meaning, one year from the publication of the purportedly libelous or slanderous communications. Garcia

v. Shaw Indus., Inc., 741 S.E.2d 285, 290 (Ga. App. 2013) (citing O.C.G.A. § 9-3-33). Here, Plaintiff alleges that she learned of the allegedly defamatory statements "[o]n or about July 15, 2023." Dkt. No. 27 ¶ 22. She filed her original complaint in state court on July 11, 2024. Dkt. No. 1-1. That means that Plaintiff would have an actionable claim if the allegedly defamatory statements were uttered between July 11, 2023, and July 15, 2023. Despite Defendants' contentions otherwise, it is plausible for the disputed allegations to have been communicated in the days *immediately before* Plaintiff learned of them. That so, Plaintiff has stated slander and libel claims upon which relief could be granted, and Defendant's motion to dismiss, dkt. no. 29, is **DENIED**.[4]

---

[4] While Defendant primarily takes issue with whether Plaintiff plausibly pled publication, dkt. no. 29 at 12-18, Plaintiff's factual allegations are also sufficient to plausibly allege the remaining elements of a defamation claim. Plaintiff avers that various Necco employees made false and defamatory statements about her conduct as a foster parent. See, e.g., Dkt. No. 27 ¶¶ 18, 21-22, 25, 27, 32-33. And Plaintiff claims that the statements were injurious on their face as they described "debasing acts which could exclude her from society," were "in reference to her trade, office, or profession, calculated to injure her in her trade, office, or profession," and allegedly caused both mental and physical injury. Id. ¶¶ 28-31, 34-37. Finally, viewing the second amended complaint in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, Plaintiff has alleged that Defendant Necco itself caused her damage. Id. ¶ 30 ("As a result of the aforementioned *actions of Defendant* and its employees, Ms. Lee suffered pain and suffering, both mental and physical." (emphasis added)); Spirit Airlines, Inc., 836 F.3d at 1347.

12

## CONCLUSION

For these reasons, Defendant's motion to dismiss, dkt. no. 29, is **DENIED**.

**SO ORDERED** this 10th day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA